# EXHIBIT G

**From:**      Weikert, Robert
**Sent:**      Friday, October 11, 2019 4:55 PM
**To:**        Zhang, Jinshu John; Caixeiro, Manny J.
**Cc:**        May, David; Psihoules, Jennette; Winetroub, Andrew; Kappler, Kerry
**Subject:**   RE: BNEA v. AtGames

John and Manny,

This proposal is not acceptable to BNEA for all of the reasons previously explained.  And, again, if AtGames is not engaging in any of the proscribed conduct, it should have no concerns about entering into the reasonable and benign stipulated interim injunction that we have proposed.

Even if we disagree whether AtGames' *past* conduct infringed BNEA's exclusive IP rights in the Ms. PAC-MAN Property, we have now spent several weeks and exchanged at least six letters and emails discussing the terms under which your client would refrain from any *future* infringement.  Indeed, it is now four days past October 7, which you represented in your September 18, 2019 email to Dave May was the deadline for AtGames to "close the loop" with Walmart and GameStop and obtain POs from them for AtGames' unlawful Ms. PAC-MAN products in order to make the Holiday 2019 season.  And still, AtGames will only agree to a "solution" that bears little difference from the contractual arrangement that existed between BNEA and AtGames prior to this dispute.  If those terms failed to deter your client's misconduct alleged in the instant case, why on earth would BNEA accept that as a solution, now?  If AtGames will not agree to a stipulated injunction, enforceable by the Court, you leave us no choice but to seek such relief, immediately.

Therefore, we intend to move forward with the *ex parte* request for a temporary restraining order and order to show cause why a preliminary injunction should not issue.  We will serve you and Manny with the papers via email as soon as they are available.  Our various meet-and-confer exchanges make clear that Dentons represents AtGames Holdings Ltd. in this matter, despite your refusal to accept service on its behalf.  Therefore, we have given sufficient notice per the Court's rules and standing orders, and have more than satisfied our meet and confer obligations.

On a somewhat related note, we have strong reason to believe that your client is engaged in spoliation and is not complying with its obligations to preserve evidence.  We trust that you advised it of these important obligations long ago, per at least our letter dated September 20, 2019.  However, we received an unsolicited advisory from a member of the public to the effect that public-facing, online content directly relevant to BNEA's claims has now been taken down and removed.  If true, this conduct is also unacceptable and we intend to hold your client accountable for any such spoliation.  Please make sure that it understands these obligations and has retained, and is retaining, all such evidence, including any now (and improperly) removed material.  These actions will be the subject of extensive discovery as the litigation removes forward.  Your client should consider itself warned on this front, including as to the severe penalties that exist for spoliation.

Best regards, Rob



**Robert A. Weikert**
Partner
rweikert@nixonpeabody.com
T 415-984-8385 | C 415-298-2548 | F 866-294-8842