1  Jinshu "John" Zhang (Bar No. 166981)
   john.zhang@dentons.com
2  DENTONS US LLP
   601 S. Figueroa Street
3  Suite 2500
   Los Angeles, California 90017-5704
4  Tel: 213-623-9300

5  Jennifer D. Bennett (Bar No. 235196)
   Jennifer.Bennett@dentons.com
6  DENTONS US LLP
   One Market Plaza, Spear Tower, 24th Floor
7  San Francisco, California 94105
   Tel: 415-267-4000
8
   *Attorneys for Defendant AtGames Holdings, Ltd.*
9

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BANDAI NAMCO ENTERTAINMENT AMERICA INC.<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ATGAMES HOLDINGS, LTD.; and DOES 1 through 50,<br><br>　　　　　Defendants. | **Case No.: 3:19-cv-05898-VC**<br><br>**ATGAMES' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE LEE DECLARATION AND CERTAIN SUPPORTING DECLARATION EXHIBITS IN SUPPORT OF ATGAMES' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION** |

## **NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Defendant AtGames Holdings, Ltd., ("AtGames") by and through its counsel, shall and hereby does move for an order to file under seal the Declaration of Jodie Lee in Support of Defendant's Opposition to Plaintiff's *ex parte* Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not be Granted (the "Application") and Exhibits 1-3 in support of the same; Exhibits A-E attached to the Declaration of Jinshu "John" Zhang in Support of Defendant's Opposition to Plaintiff's Application; and Exhibits 1-4, 6-8 to the Declaration of Dr. Ping-Kang Hsiung in Support of Defendant's Opposition to Plaintiff's Application.

This motion is based upon this Notice, the attached Motion, the concurrently filed Bennett Declaration, the complete files and records of this Action, and any further information that may properly be presented to the Court for consideration.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Civil Local Rule 79-5(d)(1) of the United States District Court for the Northern District of California provides that a party seeking to file a document under seal may make a motion in accordance with Civil Local Rule 7-11.  As such, pursuant to Local Rule 7-11 and 79-5, AtGames respectfully requests an order to file under seal the Declaration of Jodie Lee in Support of Defendant's Opposition to Plaintiff's *ex parte* Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not be Granted (the "Application") and Exhibits 1-3 in support of the same; Exhibits A-E attached to the Declaration of Jinshu "John" Zhang in Support of Defendant's Opposition to Plaintiff's Application; and Exhibits 1-4 and 6-8 to the Declaration of Dr. Ping-Kang Hsiung in Support of Defendant Opposition to Plaintiff's Application.

The standard governing a motion to seal when the underlying motion is nondispositive is "good cause" under Rule 26(c).  *See Angioscore, Inc. v. Trireme Med., Inc.*, 2015 U.S. Dist. LEXIS 1118, 6-7 (N.D. Cal. Jan. 6, 2015) (granting plaintiff's motion to file its non-dispositive motion).  The court may seal documents to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  *Id.*

A trial court has broad discretion to permit the sealing of court documents, especially when those documents are confidential, commercially sensitive and proprietary, and that public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice.  *Oracle USA, Inc. v. SAP AG*, 2009 U.S. Dist. LEXIS 71365, at *5 (N.D. Cal. Aug. 12, 2009) (citing *Phillips v. General Motors Corp.* 307 F. 3d 1206, 1211 (9th Cir. 2006)).  Although there is generally a strong presumption in favor of access to information, the standard for sealing a document attached to a non-dispositive motion is a lower showing of good cause, and for good cause to exist, the burden is on the party seeking sealing to identify specific prejudice or harm.  *Phillips*, 307 F.3d at 1210-11 ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."); *Dynetix Design Solutions, Inc.*

1  *v. Synopsys Inc.*, 2013 U.S. Dist. LEXIS 73436, at *2-3 (N.D. Cal. May 23, 2013) ("Because
2  the documents attached to nondispositive motions 'are often unrelated, or only tangentially
3  related, to the underlying cause of action,' parties moving to seal must meet the lower 'good
4  cause' standard of Rule 26(c)."). Good cause is shown if the documents contain information
5  that would cause a party annoyance, embarrassment, oppression, or undue burden or expense,
6  and is a relatively low threshold. *Diablo Techs., Inc. v. Netlist, Inc.*, 2014 U.S. Dist. LEXIS
7  584, at *11 (N.D. Cal. Jan. 3, 2014) ("The Court finds that this showing meets the relatively
8  low threshold for sealing under these circumstances.").
9        Here, AtGames moves to seal supporting documents that discuss confidential,
10 proprietary, and sensitive business, marketing, and financial information, including, proposed
11 licensing terms:

- Declaration of Jodie Lee in Support of Defendant's Opposition to Plaintiff's Application and Exhibits 1-3 in support of the same;
- Exhibits A-E to the Declaration of Jinshu John Zhang in Support of Defendant's Opposition to Plaintiff's Application;
- Exhibits 1-4 and 6-8 to the Declaration of Dr. Ping-Kang Hsiung in Support of Defendant's Opposition to Plaintiff's Application.

18       Disclosure of the aforementioned confidential information would expose AtGames'
19 confidential and sensitive business information to the public and to competitors.
20 Consequently, there exists "good cause" to support AtGames' requests to seal the Declaration
21 of Jodie Lee in Support of Defendant's Opposition to Plaintiff's *ex parte* Application for a
22 Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should
23 Not be Granted (the "Application") and Exhibits 1-3 in support of the same; Exhibits A-E
24 attached to the Declaration of Jinshu John Zhang in Support of Defendant's Opposition to
25 Plaintiff's Application; and Exhibits 1-4 and 6-8 to the Declaration of Dr. Ping-Kang Hsiung
26 in Support of Defendant Opposition to Plaintiff's Application.
27       Any interest that the public may have in the parties' respective confidential information
28 is clearly outweighed by the risk of significant competitive injury and particularized harm and

prejudice that would occur to the AtGames if its confidential information were disclosed to the public. Therefore, good cause exists to grant AtGames' instant motion to seal as requested.

DATED: October 31, 2019                    Respectfully Submitted,

**DENTONS US LLP**

By:  */s/ Jennifer D. Bennett*

Jennifer D. Bennett
Jennifer.Bennett@dentons.com
Jinshu "John" Zhang
John.Zhang@dentons.com
DENTONS US LLP

*Attorneys for Defendant*

- 5 -

ADMINISTRATIVE MOTION TO FILE UNDER SEAL   Case No. 3:19-CV-05898-VC

# CERTIFICATE OF SERVICE

I, Jennifer Bennett, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Dentons US LLP, One Market Plaza, Spear Tower, 24th Floor, San Francisco, California  94105.

On October 31, 2019, the following documents, described as:

**ATGAMES' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE LEE DECLARATION AND CERTAIN SUPPORTING DECLARATION EXHIBITS IN SUPPORT OF ATGAMES' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

to be served via CM/ECF by the Clerk of the Court, upon all counsel of record registered to receive electronic filing, as indicated on the Court's website, or by United States Mail, upon those parties not registered for electronic filing.

I declare under penalty of perjury that the above is true and correct.  Executed on October 31, 2019, in San Francisco, California.

                                                      /s/ *Jennifer D. Bennett*
                                                          Jennifer D. Bennett