Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Andrew H. Winetroub (Bar No. 291847)
awinetroub@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (866) 294-8300

David L. May (*Appearance Pro Hac Vice*)
dmay@nixonpeabody.com
Jennette W. Psihoules (*Appearance Pro Hac Vice*)
jpsihoules@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8000
Fax: (202) 585-8080

*Attorneys for Plaintiff*
BANDAI NAMCO Entertainment America Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BANDAI NAMCO ENTERTAINMENT AMERICA INC.,<br><br>                        Plaintiff,<br><br>       vs.<br><br>ATGAMES HOLDINGS LTD.; and DOES 1 through 50,<br><br>                        Defendants. | Case No.:  3:19-cv-05898-VC<br><br>**PLAINTIFF'S OPPOSITION TO ATGAMES' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE LEE DECLARATION AND CERTAIN SUPPORTING DECLARATION EXHIBITS IN SUPPORT OF ATGAMES' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION** |

Pursuant to Local Rule 7-11(b), Plaintiff BANDAI NAMCO Entertainment America Inc. ("BNEA") hereby files this Opposition to Defendant AtGames Holdings Ltd.'s ("AtGames") Administrative Motion to File Under Seal the Lee Declaration and Certain Supporting Declaration Exhibits In Support Of AtGames' Opposition to Plaintiff's *Ex Parte* Application [Dkt. No. 22] (the "Administrative Motion").

BNEA opposes AtGames' Administrative Motion on the basis of AtGames' flouting of this Court's Standing Order for Civil Cases Before Judge Vince Chhabria (the "Standing Order") regarding motions to seal, as well as the overarching fact that the documents which AtGames seeks to seal do not merit being shielded from the public.

Pursuant to the Standing Order, "The filing party must make a specific showing explaining why each document that it seeks to seal may justifiably be sealed and why the proposed redactions are as narrowly tailored as possible, rather than making a blanket statement about the grounds for sealing." Standing Order ¶ 31. Here, the Administrative Motion does not offer *any* specific showing for each document that AtGames seeks to have sealed; instead, the Administrative Motion simply makes a "blanket statement about the grounds for sealing" for each of the three declarants at issue. *See* Administrative Motion at 4:9-19.

Further, the Standing Order states that "[g]eneric and vague references to 'competitive harm' are almost always insufficient justification for sealing." Standing Order ¶ 31. Yet, in the declaration submitted in support of the Administrative Motion, AtGames' counsel repeats precisely those grounds for sealing in three consecutive paragraphs: "AtGames would face the risk of competitive harm if this information were to become public." Bennett Decl. ¶¶ 2-4.[1] Therefore, the Administrative Motion not only fails to satisfy the legal requirements for sealing, AtGames also violates multiple provisions of the Standing Order in making its deficient showing.

Finally, the documents that AtGames seeks to seal through the Administrative Motion do not justify sealing. Such documents include correspondence between AtGames and BNEA,

---

[1] In the Administrative Motion itself, AtGames does no better by resorting to an overly broad assertion that "[d]isclosure of the aforementioned confidential information would expose AtGames' confidential and sensitive business information to the public and to competitors." Administrative Motion at 4:18-19.

correspondence between counsel for the parties, licensing proposals submitted by AtGames to BNEA,[2] and a Licensing Support Agreement that does not include a confidentiality provision or any other indicia of confidentiality.  Contrary to AtGames' assertion in the Administrative Motion, these documents do not contain business information, or information of any other kind, sufficiently sensitive so as to override the public's interest in access to judicial proceedings.  Moreover, in connection with the parties' meet and confer obligations regarding the pending request for a preliminary injunction in this action, counsel for BNEA repeatedly advised counsel for AtGames that motions to seal are disfavored under the Court's Standing Order.  Despite such admonitions, AtGames proceeded with filing this unfounded Administrative Motion.

As this Court makes clear in its Standing Order, "motions to seal . . . are almost always without merit."  Standing Order ¶ 29.  AtGames' Administrative Motion is a textbook example.

For the reasons set forth herein, BNEA respectfully requests this Court enter an order in the form shown in the proposed order filed herewith.

DATED:  November 4, 2019

Respectfully submitted,

**NIXON PEABODY LLP**

By: */s/ Robert A. Weikert*

Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Andrew H. Winetroub (Bar No. 291847)
awinetroub@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, California 94111-3600

David L. May (*Appearance Pro Hac Vice*)
dmay@nixonpeabody.com
Jennette W. Psihoules (*Appearance Pro Hac Vice*)

---

[2] The Disclaimer set forth at the bottom of each and every page of the license proposal worksheets that AtGames' asserts are confidential states, in relevant part: "BNEA cannot guarantee that any information, documents, or materials submitted in connection with any licensing request will be kept confidential . . . ."  Hsiung Decl. ISO Opposition to Plaintiff's Application, Ex. 4 at 4-9 [Dkt. No. 23-16].

jpsihoules@nixonpeabody.com
NIXON PEABODY LLP
799 9th Street NW
Washington, DC 20001-4501

*Attorneys for Plaintiff*
BANDAI NAMCO Entertainment America Inc.

- 3 -

PLAINTIFF'S OPPOSITION TO ATGAMES'
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 3:19-cv-05898-VC