Robert A. Weikert (Bar No. 121146)
rweikert@nixonpeabody.com
Andrew H. Winetroub (Bar No. 291847)
awinetroub@nixonpeabody.com
Nixon Peabody LLP
One Embarcadero Center, 32nd Floor
San Francisco, California 94111-3600
Tel: (415) 984-8200
Fax: (866) 294-8300

David L. May (appearance *pro hac vice*)
dmay@nixonpeabody.com
Jennette W. Psihoules (appearance *pro hac vice*)
jpsihoules@nixonpeabody.com
Nixon Peabody LLP
799 9th Street NW
Washington, DC 20001-4501
Tel: (202) 585-8220
Fax: (202) 585-8080

*Attorneys for Plaintiff and Counter-Defendant*
BANDAI NAMCO ENTERTAINMENT AMERICA INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BANDAI NAMCO ENTERTAINMENT AMERICA INC., <br><br>           Plaintiff, <br><br>    vs. <br><br> ATGAMES HOLDINGS, LTD.; and Does 1 through 50, <br><br>           Defendants. | Case No. 3:19-cv-05898-VC <br><br> **PLAINTIFF AND COUNTER-DEFENDANT BANDAI NAMCO ENTERTAINMENT AMERICA INC.'S ANSWER TO COUNTERCLAIMS** |
| ATGAMES HOLDINGS, LTD., <br><br>           Counter-Claimant, <br><br>    vs. <br><br> BANDAI NAMCO ENTERTAINMENT AMERICA INC.; <br><br>           Counter-Defendant. | |

Plaintiff and Counter-Defendant BANDAI NAMCO Entertainment America Inc. ("BNEA"), by and through its counsel, responds as follows to Defendant and Counter-Claimant AtGames Holdings, Ltd.'s ("AtGames") Counterclaims.

1.  Paragraph 1 of the Counterclaims contains legal conclusions to which an answer is not required. To the extent any allegations in Paragraph 1 require a response, BNEA denies the allegations.

2.  BNEA lacks knowledge and/or information sufficient to form a belief about the truth of any and all allegations asserted in Paragraph 2 of the Counterclaims, and on that basis denies the allegations.

3.  Admitted.

4.  Admitted.

5.  Admitted.

6.  Admitted.

7.  BNEA admits that certain events or omissions giving rise to the above-captioned action occurred in Santa Clara County, California. BNEA denies the remaining allegations in Paragraph 7 of the Counterclaims and asserts that this action is properly before this Court in the San Francisco Division.

8.  BNEA admits that AtGames' gaming products are sold at a number of national retail chains. BNEA further admits that AtGames has sold gaming products, including BNEA's PAC-MAN, Galaga, and Dig Dug games. BNEA lacks knowledge and/or information sufficient to form a belief about the truth of any and all other allegations asserted in Paragraph 8 of the Counterclaims, and on that basis denies the allegations.

9.  BNEA admits that it entered into two licensing agreements with AtGames for certain BNEA properties, including PAC-MAN. BNEA denies the remaining allegations in Paragraph 9 of the Counterclaims.

10.  BNEA admits that it entered into a written License Agreement with AtGames, effective as of October 10, 2016 (the "2016 Agreement"). BNEA further admits that pursuant to

the 2016 Agreement, BNEA granted to AtGames a non-exclusive, non-sublicensable, non-assignable and non-transferable license to use the characters, designs, likeness, visual representations, copyrights, character names, trademarks, and other rights owned or controlled by BNEA and its licensors contained or incorporated in five (5) specific games for the Atari Flashback Portable product.  BNEA admits that Ms. PAC-MAN was not subject to the 2016 Agreement.  BNEA admits the 2016 Agreement was a valid and enforceable agreement prior to BNEA's termination thereof, and further admits that certain provisions of the 2016 Agreement survive such termination and remain valid and enforceable.  However, BNEA specifically denies that the 2016 Agreement is presently "valid," in its entirety.  BNEA further denies the remaining allegations in Paragraph 10 of the Counterclaims.

11. Admitted.

12. BNEA admits that the 2016 Agreement had a term that lasted until March 31, 2020 or until terminated by a party to the agreement (e.g. BNEA or AtGames) in accordance with the termination provisions therein.  The remaining allegations purport to paraphrase and/or quote from the 2016 Agreement, which speaks for itself, and to which no response is required.  To the extent that a response to such allegations in Paragraph 12 of the Counterclaims is required, BNEA denies any allegations inconsistent with the 2016 Agreement, as written.

13. BNEA admits that AtGames developed the Atari Flashback product, but denies that AtGames developed the BNEA-licensed content and any third party content incorporated in such product.  BNEA further admits that AtGames marketed and sold the Atari Flashback product.  BNEA admits that it received some royalty payments from AtGames pursuant to the 2016 Agreement, with the last royalty payment being made in or about January 2019.  BNEA denies that it has received any royalty payments after such date.  BNEA lacks knowledge and/or information sufficient to form a belief about the truth of any and all other allegations in Paragraph 13 of the Counterclaims, and on that basis denies the allegations.

14. BNEA admits that it received some royalty revenues from AtGames pursuant to the 2016 Agreement, with the last royalty payment being made in or about January 2019.  BNEA

denies that it has received any royalty payments after such date.  BNEA denies the remaining allegations in Paragraph 14 of the Counterclaims.

15. BNEA admits that it received some royalty revenues from AtGames pursuant to the 2016 Agreement, with the last royalty payment being made in or about January 2019.  BNEA denies that it has received any royalty payments after such date.  BNEA denies the remaining allegations in Paragraph 15 of the Counterclaims.

16. Denied.

17. Paragraph 17 of the Counterclaims purports to be a quote from the 2016 Agreement, which speaks for itself, and to which no response is required.  To the extent that a response to the allegations in Paragraph 17 of the Counterclaims is required, BNEA denies any allegations inconsistent with the 2016 Agreement, as written.

18. BNEA admits that it entered into a Merchandise Development & Distribution Agreement with AtGames, effective June 1, 2018 (the "2018 Agreement").  BNEA denies that the 2018 Agreement, as defined in Paragraph 18 of the Counterclaims, is a complete and accurate representation of the parties' agreement under the Merchandise Development & Distribution Agreement due to its omission of the First Amendment thereto, dated August 1, 2018.  BNEA admits the 2018 Agreement was a valid and enforceable agreement prior to BNEA's termination thereof, and further admits that certain provisions of the 2018 Agreement survive such termination and remain valid and enforceable.  However, BNEA specifically denies that the 2018 Agreement is presently "valid," in its entirety.  BNEA admits that, under the 2018 Agreement, BNEA granted AtGames a non-exclusive, non-sublicensable, non-assignable, and non-transferable license to use the characters, designs, likeness, visual representations, copyrights, character names, trademarks, and other rights owned or controlled by BNEA and its licensors contained or incorporated in thirteen (13) specific games, including PAC-MAN, for one (1) "wireless HDMI Dongle (with wireless controller) pre-loaded with Licensee-developed versions" of such games. BNEA admits that Ms. PAC-MAN was not among the games licensed to AtGames under the 2018 Agreement, but denies that AtGames' infringement of BNEA's intellectual property rights not licensed under

the 2018 Agreement, including in Ms. PAC-MAN, is beyond the scope of the 2018 Agreement. The remaining allegations in Paragraph 18 of the Counterclaims purport to paraphrase and/or quote from the 2018 Agreement, which speaks for itself, and to which no response is required. To the extent that a response to such allegations in Paragraph 18 of the Counterclaims is required, BNEA denies any allegations inconsistent with the 2018 Agreement, as written.

19. Admitted.

20. BNEA admits that the 2018 Agreement had a term that lasted until May 31, 2022 or until terminated by a party to the agreement (e.g. BNEA or AtGames) in accordance with the termination provisions therein. The remaining allegations in Paragraph 20 of the Counterclaims purport to paraphrase and/or quote from the 2018 Agreement, which speaks for itself, and to which no response is required. To the extent that a response to such allegations in Paragraph 20 of the Counterclaims is required, BNEA denies any allegations inconsistent with the 2018 Agreement, as written.

21. BNEA admits that AtGames developed "a wireless plug-and-play HDMI dongle (with wireless controller)," but denies that AtGames developed the BNEA-licensed content and any third party content incorporated in such product. BNEA admits that AtGames marketed and sold "a wireless plug-and-play HDMI dongle (with wireless controller)," but denies that AtGames marketed and sold only one such product. BNEA admits that it received some royalty revenues from AtGames pursuant to the 2018 Agreement, with the last royalty payment being made in or about January 2019. BNEA denies that it has received any royalty payments since such date. BNEA denies the remaining allegations in Paragraph 21 of the Counterclaims.

22. BNEA admits that it received some royalty revenues from AtGames pursuant to the 2018 Agreement, with the last royalty payment being made in or about January 2019. BNEA denies that it has received any royalty payments since such date. BNEA denies the remaining allegations in Paragraph 22 of the Counterclaims.

23. Denied.

24. Denied.

25. Paragraph 25 of the Counterclaims purports to be a quote from the 2018 Agreement, which speaks for itself, and to which no response is required. To the extent that a response to the allegations in Paragraph 25 of the Counterclaims is required, BNEA denies any allegations inconsistent with the 2018 Agreement, as written.

26. BNEA lacks knowledge and/or information sufficient to form a belief about the truth of any and all allegations in Paragraph 26 of the Counterclaims, and on that basis denies the allegations.

27. BNEA admits that AtGames has made requests to obtain a license to Ms. PAC-MAN from BNEA, and that no such requests have been granted. BNEA lacks knowledge and/or information sufficient to form a belief about the truth of any and all other allegations in Paragraph 27 of the Counterclaims, and on that basis denies the allegations.

28. BNEA denies the allegations in Paragraph 28 of the Counterclaims that relate to "business discussions" between BNEA and AtGames regarding Ms. PAC-MAN on the basis that they are incomplete and/or inaccurate characterizations of any and all communications between the parties. BNEA lacks knowledge and/or information sufficient to form a belief about the truth of any and all other allegations in Paragraph 28 of the Counterclaims, and on that basis denies the allegations.

29. Denied.

30. BNEA denies the allegations in Paragraph 30 of the Counterclaims that relate to email correspondence between employees of BNEA and AtGames on the basis that they are incomplete and/or inaccurate characterizations of any and all relevant communications between the parties. BNEA denies the remaining allegations in Paragraph 30 of the Counterclaims.

31. BNEA admits that, on or about October 16, 2018, AtGames submitted to BNEA two separate Merchandise License Proposal Worksheets that listed Ms. PAC-MAN as the BNEA property that AtGames was interested in licensing. BNEA denies the remaining allegations in Paragraph 31 of the Counterclaims to the extent that they inaccurately or misleadingly characterize the contents of the Merchandise License Proposal Worksheet.

32. BNEA denies the allegations in Paragraph 32 of the Counterclaims on the basis that they inaccurately or misleadingly characterize the communications between BNEA and AtGames.

33. BNEA admits that the "GCC's Successors" [sic] do not have any "right to grant or block any license to Ms. Pac-Man." BNEA lacks knowledge and/or information sufficient to form a belief about the truth of any other allegations in Paragraph 33 of the Counterclaims, and on that basis denies the allegations.

34. BNEA admits that it engaged in active discussions with the GCC Successors to fully and finally resolve certain issues relating to their relationship created under various agreements with respect to Ms. PAC-MAN. BNEA denies the remaining allegations in Paragraph 34 of the Counterclaims.

35. Denied.

36. BNEA lacks knowledge and/or information sufficient to form a belief about the truth of any and all allegations in Paragraph 36 of the Counterclaims, and on that basis denies the allegations.

37. BNEA lacks knowledge and/or information sufficient to form a belief about any alleged agreement between AtGames Cloud and the GCC Successors, but denies that any such agreement had the legal effect of conveying to AtGames Cloud "the GCC Successors' interest in Ms. Pac-Man." BNEA denies that any notification from AtGames Cloud regarding its alleged "acquisition of the GCC Successors' rights" in Ms. PAC-MAN had any legal effect. BNEA lacks knowledge and/or information sufficient to form a belief about the truth of any and all other allegations in Paragraph 37 of the Counterclaims, and on that basis denies the allegations.

38. Denied.

39. Denied.

40. Denied.

41. BNEA admits that on August 21, 2019, Shoya Yamazaki of BNEA communicated with AtGames that BNEA would not grant AtGames a license to Ms. PAC-MAN. BNEA denies the remaining allegations in Paragraph 41 of the Counterclaims in that they inaccurately or

misleadingly characterize the communications between BNEA and AtGames.

42. BNEA admits that on August 22, 2019, Patrick Lundell of BNEA had a telephone call with AtGames' CEO, Ping-Kang Hsiung. BNEA denies any and all other allegations in Paragraph 42 of the Counterclaims on the basis that they inaccurately or misleadingly characterize the substance of that phone call.

43. BNEA admits that, on August 27, 2019, counsel for BNEA, David L. May, wrote an email to Jinshu Zhang, counsel for AtGames. Paragraph 43 of the Counterclaims purports to be a quote from Mr. May's email to Mr. Zhang, which speaks for itself, and to which no response is required. To the extent that a response to the remaining allegations in Paragraph 43 of the Counterclaims is required, BNEA denies any allegations inconsistent with Mr. May's email to Mr. Zhang, as written.

44. BNEA admits that, on August 27, 2019, by letter, it gave notice to AtGames of BNEA's termination of the 2016 Agreement and the 2018 Agreement for breach of such agreements. BNEA denies any and all remaining allegations in Paragraph 44 of the Counterclaims, including but not limited to the allegations that inaccurately or misleadingly mischaracterize BNEA's termination letter, which, moreover, speaks for itself.

45. BNEA admits that its letter to AtGames of August 27, 2019, which provided notice to AtGames of BNEA's termination of the 2016 Agreement and the 2018 Agreement, alleged that AtGames had breached the confidentiality provisions in the respective agreements. BNEA denies any and all remaining allegations in Paragraph 45 of the Counterclaims, including but not limited to the allegations that inaccurately or misleadingly mischaracterize BNEA's termination letter, which, moreover, speaks for itself.

46. BNEA admits that counsel for AtGames sent a letter to BNEA on August 28, 2019, but denies BNEA's termination of the 2016 Agreement and the 2018 Agreement was invalid. BNEA denies the remaining allegations in Paragraph 46 of the Counterclaims.

47. Denied.

48. BNEA admits that, on September 20, 2019, counsel for BNEA sent a letter to

counsel for AtGames that gave notice regarding further breaches of the 2018 Agreement by AtGames, as well as further notice of BNEA's termination of the 2016 Agreement. BNEA denies that, prior to its counsel's September 20, 2019 letter to AtGames, BNEA had not informed AtGames, or objected to AtGames' use of third party materials in developing the relevant PAC-MAN product. BNEA denies any and all remaining allegations in Paragraph 48 of the Counterclaims, including but not limited to the allegations that inaccurately or misleadingly mischaracterize BNEA's letter of September 20, 2019, which, moreover, speaks for itself.

49. BNEA denies any and all allegations in Paragraph 49 of the Counterclaims, including but not limited to the allegations that inaccurately or misleadingly mischaracterize BNEA's letter of September 20, 2019, which, moreover, speaks for itself. BNEA specifically denies that it approved all products that AtGames distributed pursuant to the 2018 Agreement.

50. Denied.

51. BNEA admits that it commenced the above-captioned action by filing a Complaint on September 20, 2019. BNEA further admits that, through the Complaint, it asserts that AtGames is liable for, *inter alia*, manufacturing and distributing a product that uses and incorporates Ms. PAC-MAN intellectual property. BNEA denies the remaining allegations in Paragraph 51 of the Counterclaims.

52. BNEA admits that, on October 4, 2019, counsel for BNEA sent a letter to counsel for AtGames setting forth additional grounds on which AtGames had breached the 2018 Agreement. BNEA denies the remaining allegations in Paragraph 52 of the Counterclaims.

53. Denied.

54. Denied. BNEA specifically denies that AtGames has ceased marketing and selling PAC-MAN products.

## COUNT I

## BREACH OF CONTRACT

55. BNEA realleges and incorporates herein by reference its responses to Paragraphs 1 through 54 of the Counterclaims as if set forth in full.

56.     Paragraph 56 of the Counterclaims contains legal conclusions to which an answer is not required. To the extent any allegations in Paragraph 56 of the Counterclaims require a response, BNEA admits that the 2016 Agreement and the 2018 Agreement were valid and enforceable agreements prior to BNEA's termination thereof, and further admits that certain provisions of the 2016 Agreement and the 2018 Agreement survive such termination and remain valid and enforceable. However, BNEA specifically denies that the 2016 Agreement or the 2018 Agreement are presently "valid," in their entirety.

57.     Paragraph 57 of the Counterclaims contains legal conclusions to which an answer is not required. To the extent any allegations in Paragraph 57 of the Counterclaims require a response, BNEA denies the allegations.

58.     Paragraph 58 of the Counterclaims contains legal conclusions to which an answer is not required. To the extent any allegations in Paragraph 58 of the Counterclaims require a response, BNEA denies the allegations.

59.     Paragraph 59 of the Counterclaims contains legal conclusions to which an answer is not required. To the extent any allegations in Paragraph 59 of the Counterclaims require a response, BNEA denies the allegations.

## COUNT II

## DECLARATORY JUDGMENT

60.     BNEA realleges and incorporates herein by reference its responses to Paragraphs 1 through 59 of the Counterclaims as if set forth in full.

61.     BNEA admits that it has terminated the 2016 Agreement and the 2018 Agreement as a result of breaches by AtGames. The remaining allegations in Paragraph 61 of the Counterclaims contain legal conclusions to which an answer is not required. To the extent any of the remaining allegations in Paragraph 61 of the Counterclaims require a response, BNEA denies the allegations.

62.     Paragraph 62 of the Counterclaims contains legal conclusions to which an answer is not required. To the extent any allegations in Paragraph 62 of the Counterclaims require a

response, BNEA denies the allegations.

## COUNT III

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

63. BNEA realleges and incorporates herein by reference its responses to Paragraphs 1 through 62 of the Counterclaims as if set forth in full.

64. Paragraph 64 of the Counterclaims contains legal conclusions to which an answer is not required. To the extent any allegations in Paragraph 64 of the Counterclaims require a response, BNEA admits that the 2016 Agreement and the 2018 Agreement were valid and enforceable agreements prior to BNEA's termination thereof, and further admits that certain provisions of the 2016 Agreement and the 2018 Agreement survive such termination and remain valid and enforceable. However, BNEA specifically denies that the 2016 Agreement or the 2018 Agreement are presently "valid," in their entirety.

65. Paragraph 65 of the Counterclaims contains legal conclusions to which an answer is not required. To the extent any allegations in Paragraph 65 of the Counterclaims require a response, BNEA denies the allegations.

66. Paragraph 66 of the Counterclaims contains legal conclusions to which an answer is not required. To the extent any allegations in Paragraph 66 of the Counterclaims require a response, BNEA denies the allegations.

67. Paragraph 67 of the Counterclaims contains legal conclusions to which an answer is not required. To the extent any allegations in Paragraph 67 of the Counterclaims require a response, BNEA denies the allegations.

68. Paragraph 68 of the Counterclaims contains legal conclusions to which an answer is not required. To the extent any allegations in Paragraph 68 of the Counterclaims require a response, BNEA denies the allegations.

## RESPONSE TO PRAYER FOR RELIEF

To the extent this section of the Counterclaims requires a response, BNEA denies that AtGames is entitled to any relief whatsoever from any of the claims alleged in its purported

Counterclaims, including any of the relief alleged and listed in the Counterclaim's Prayer for Relief.

## GENERAL DENIAL

BNEA further denies each and every allegation in the Counterclaims that is not specifically admitted, denied, or otherwise responded to in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AtGames fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

AtGames' claims are barred by the doctrines of estoppel, waiver and/or laches.

### THIRD AFFIRMATIVE DEFENSE

AtGames' claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

AtGames breached the 2016 Agreement and the 2018 Agreement and BNEA complied with its contractual obligations to provide written notice of termination to AtGames. Therefore, BNEA's termination of the 2016 Agreement and the 2018 Agreement constituted a lawful exercise of its rights thereunder.

### ADDITIONAL AFFIRMATIVE DEFENSES

BNEA reserves the right to supplement its affirmative defenses as discovery progresses and additional information becomes available.

## JURY DEMAND

BNEA demands a trial by jury on all issues so triable.

- 13 -

Dated: March 4, 2020 **NIXON PEABODY LLP**

By: */s/ Robert Weikert*
Robert A. Weikert (Bar. No. 121146)
rweikert@nixonpeabody.com
Andrew H. Winetroub (Bar No. 291847)
awinetroub@nixonpeabody.com
David L. May (Appearance *Pro Hac Vice*)
dmay@nixonpeabody.com
Jennette W. Psihoules (Appearance *Pro Hac Vice*)
jpsihoules@nixonpeabody.com

*Attorneys for Plaintiff and Counter-Defendant*
BANDAI NAMCO ENTERTAINMENT AMERICA INC.